UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 RONALD J. GUILETTE II
 United States Army, Appellant

 ARMY 20051539

 U.S. Army Field Artillery Center and Fort Sill
 Grant Jaquith, Military Judge
 Colonel Randall L. Keys, Staff Judge Advocate

For Appellant: Lieutenant Colonel Steven C. Henricks, JA; Major Fansu Ku,
JA; Captain Richard P. Pizur, JA (on brief).

For Appellee: Colonel John W. Miller II, JA; Major Elizabeth G. Marotta,
JA; Michael C. Friess, JA; Captain Nicole L. Fish (on brief).

 24 April 2008

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice, 10 U.S.C. § 866 [hereinafter UCMJ]. Appellant was
charged, inter alia, with two specifications of forgery in violation of
Article 123, UCMJ. At trial, appellant pled guilty to both forgery
specifications. Appellant now alleges the specifications failed to state
offenses because the charged writings were not documents that apparently
impose a legal liability upon another or change another’s legal rights. We
accept the government concession that the forged sick slips do not support
forgery charges; we set aside and dismiss Charge VI and its two
specifications. See United States v. Young, 21 C.M.R. 431 (A.B.R. 1956)
(holding a sick slip could not be the predicate of a forgery charge); cf.
United States v. Abbey, 63 M.J. 631, 635-36 (Army Ct. Crim. App. 2006)
(plea of guilty to altering public document was improvident because a sick
slip was not public document).

 The remaining findings of guilty are affirmed. We have considered
the remaining specified assignments of error and those matters raised by
appellant pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.
1982), and find them to be without merit. Reassessing the sentence on the
basis of the error noted, the entire record, and applying the principles of
United States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United States v.
Moffeit, including Judge Baker’s concurring opinion, 63 M.J. 40, 42
(C.A.A.F. 2006), the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court