UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist JOSHUA G. BAASE
 United States Army, Appellant

 ARMY 20070261

 Headquarters, 1st Infantry Division and Fort Riley
 Timothy Grammel, Military Judge
 Lieutenant Colonel Jeff A. Bovarnick, Acting Staff Judge Advocate
 (pretrial)
 Colonel Robert D. Teetsel, Staff Judge Advocate (post-trial)

For Appellant: Mr. Timothy Litka, Esquire (argued); Captain Alison L.
Gregoire, JA; Mr. Timothy Litka, Esquire (on brief).

For Appellee: Captain Michael G. Pond, JA (argued); Colonel John W.
Miller, JA; Major Elizabeth G. Marotta, JA; Captain Michael C. Friess, JA;
Captain Michael G. Pond, JA (on brief).

 23 July 2008

 -------------------------------------
 SUMMARY DISPOSITION
 -------------------------------------

Per Curiam:

 On review of the case under Article 66, Uniform Code of Military
Justice [UCMJ], and after hearing oral arguments, we considered the
following issue:

 WHETHER THE PORTION OF APPELLANT’S CONFESSION ADDRESSING THE
 NUMBER OF TIMES HE COMMITTED INDECENT ACTS WITH A CHILD WAS
 SUFFICIENTLY CORROBORATED BY THE EVIDENCE

 Pursuant to appellant’s pleas, a military judge sitting as a general
court-martial convicted appellant of indecent exposure and possession of
thirty-five images of child pornography transported in interstate commerce
by computer, in violation of 18 U.S.C. 1466A(b)(1).[1] Contrary to his
pleas, appellant was also convicted of indecent acts with a child on divers
occasions. All of appellant’s offenses were alleged as violations of
Article 134, UCMJ, 10 U.S.C. §934.

 We find sufficient corroboration for appellant’s confession to
indecent acts with a child. Based on our superior court’s decision in
United States v. Rounds, 30 M.J. 76 (C.M.A. 1990) and acting out of an
abundance of caution, however, we find appellant’s confession admitting the
molestation occurred on more than one occasion was not sufficiently
corroborated. See M.R.E. 304(g). Accordingly, we amend the finding of
guilty of Specification 1 of the Charge to delete the words “on divers
occasions.” The remaining findings of guilty are affirmed.

 We have reviewed the remaining assignments of error and find them to
be without merit. Reassessing the sentence on the basis of the error
noted, the entire record, and applying the principles of United States v.
Sales, 22 M.J. 305 (C.M.A. 1986) and United States v. Moffeit, including
Judge Baker’s concurring opinion, 63 M.J. 40, 43 (C.A.A.F. 2006), the court
affirms the sentence.

 FOR THE COURT:

 MARY B. CHAPMAN
 Deputy Clerk of Court

-----------------------
[1] During the providence inquiry, appellant admitted all of the child
pornography images had been transported in interstate commerce in violation
of the cited statute.