UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 EARL R. POLAN
 United States Army, Appellant

 ARMY 20080024

 Headquarters, Fort Drum
 David L. Conn, Military Judge
 Lieutenant Colonel Michael P. Ryan, Staff Judge Advocate
 Lieutenant Colonel Michelle L. Ryan, Staff Judge Advocate (post-trial
 addendum)

For Appellant: Major Teresa L. Raymond, JA; Captain Alison L. Gregoire,
JA.

For Appellee: Lieutenant Colonel Francis C. Kiley, JA.

 21 August 2008

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice, 10 U.S.C. §866 [hereinafter UCMJ]. Although appellant’s
case was submitted to us on the merits, we find error in the findings of
the court-martial as described below.

 A military judge sitting as a special court-martial convicted
appellant, contrary to his pleas, of unauthorized absence terminated by
apprehension (AWOL) in violation of Article 86, UCMJ. The termination date
for appellant’s AWOL was charged as 13 September 2007 and the military
judge found appellant guilty as charged. The record demonstrates, however,
appellant was arrested on 29 August 2007 and held by civilian authorities
solely on a felony deserter warrant at the request of military authorities.
 Accordingly, the correct termination date for appellant’s AWOL should be
29 August 2007. See Manual for Courts-Martial, United States, (2005 ed.),
Part IV, para 10.c.(10)(d) and (e); see also United States v. Lanphear, 23
C.M.A. 338, 340, 49 C.M.R. 742, 744 (1975) (AWOL terminated when civilian
authorities made appellant available for delivery to military authorities).
 DECISION

 We amend the finding of guilty in the Specification of Charge I to
reflect the earlier termination date of 29 August 2007 and affirm the
finding of guilty to Charge I and its Specification as amended.

 We have considered those matters personally raised by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find
them to be without merit. Reassessing the sentence on the basis of the
error noted and the entire record, and applying the principles of United
States v. Sales, 22 M.J. 305 (C.M.A. 1988) and United States v. Moffeit, 63
M.J. 40, 43 (C.A.A.F. 2006), including Judge Baker’s concurring opinion,
the sentence is affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court