UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and SIMS
 Appellate Military Judges

 UNITED STATES, Appellant
 v.
 Sergeant WILLIAM R. KING, III
 United States Army, Appellee

 ARMY 20090205

 Headquarters, Joint Readiness Training Center and Fort Polk
 Charles Hayes, Military Judge
 Colonel James D. Key, Staff Judge Advocate (pretrial and recommendation)
 Colonel Keith C. Well, Staff Judge Advocate (addendum)

For Appellant: Major Timothy Thomas, JA; Captain A. Jason Nef, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 3 December 2009

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of two specifications of indecent
liberties with a child,[1] one specification of sodomy with a child, three
specifications of indecent acts with a child, one specification of sexual
exploitation of a child, and one specification of possession of child
pornography in violation of Articles 120, 125, and 134, Uniform Code of
Military Justice, 10 U.S.C. §§ 920, 925, and 934 [hereinafter UCMJ]. The
military judge sentenced appellant to a dishonorable discharge, confinement
for twenty-eight years, and reduction to E1. Pursuant to a pretrial
agreement, the convening authority approved only so much of the adjudged
sentence as provided for confinement for eleven years, ten months, and
eighteen days, and otherwise approved the adjudged sentence.
 Appellant submitted the case on its merits. However, based on the
evidence adduced by the military judge in his colloquy with appellant
during his providence inquiry and the stipulation of fact, we will amend
three of the specifications.

 First, we amend the Specification of Charge II by excepting the words
and figures “between 1 February 2007 and 15 June 2008, on divers occasions”
and substituting therefor the words and figures “about March 2007.”
Second, we amend Specification 4 of Charge III by excepting the words and
figures “between 1 February 2007 and 30 September 2007, on divers
occasions” and substituting therefor the words and figures “about February
2007.” Finally, we amend Specification 6 of Charge III by excepting the
words and figures “that have been transported in interstate and/or foreign
commerce, by means of cellular phone/electronic mail transmission, in
violation of 18 U.S.C. Section 2252A(a)(5)(B).”
 Conclusion
 We affirm the finding of guilt of the Specification of Charge II and
Specifications 4 and 6 of Charge III as amended. The remaining findings
are affirmed. Reassessing the sentence on the basis of the errors noted
and the entire record, and applying the principles of United States v.
Sales, 22 M.J. 305 (C.M.A. 1986) and United States v. Moffeit, including
Judge Baker’s concurring opinion, 63 M.J. 40, 43 (C.A.A.F. 2006), the court
affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Congress promulgated a major change to Article 120, UCMJ, for offenses
committed on or after 1 October 2007. Appellant committed one of the acts
of indecent liberties with a child before the effective date of the change
and the other offense after the effective date.