UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and SIMS
 Appellate Military Judges

 UNITED STATES, Appellant
 v.
 Private First Class ROBERT D. HARRIS
 United States Army, Appellee

 ARMY 20080968

 Headquarters, III Corps and Fort Hood
 Timothy Hayes, Military Judge
 Colonel John W. Miller, II, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Bradley M. Voorhees, JA; Captain Brent A. Goodwin, JA (on
brief).

For Appellee: Colonel Norman F.J. Allen, III, JA; Lieutenant Colonel
Martha Foss, JA; Major Christopher B. Burgess, JA (on brief).

 31 March 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his plea, of one specification of absence without
official leave (AWOL) in violation of Article 86, Uniform Code of Military
Justice, 10 U.S.C. § 881 [hereinafter UCMJ]. The convening authority
approved the adjudged sentence of a bad-conduct discharge, confinement for
100 days, and reduction to E1. Appellant was also credited with sixty days
credit against his sentence to confinement.

 Appellant was originally charged with leaving his unit “on or about 5
January 2007” and remaining absent without authority until “on or about 29
May 2008.” At his court-martial, appellant pled guilty to the offense,
“except the words ‘29 May 2008,’ substituting therefore the words ‘8 May
2008.’” Appellant pled not guilty to the excepted words and guilty to the
substituted words.

 During his Care[1] inquiry, the military judge elicited sufficient
information from appellant to provide a factual predicate for appellant’s
plea to an AWOL offense beginning on 5 January 2007 and ending on 8 May
2008. The government affirmatively stated it was not going forward to
attempt to prove the longer charged period of AWOL. When he announced the
finding, however, the military judge stated, “[Appellant], in accordance
with you[r] plea of guilty, this court finds you . . . Of The Charge
and its Specification: Guilty.”

 Upon consideration of the entire record, including the matter
personally raised by appellant pursuant to United States v. Grostefon, 12
M.J. 431 (C.M.A. 1982), the court affirms only so much of the finding of
guilty of The Charge and its Specification as finds appellant did, on or
about 5 January 2007, without authority, absent himself from his unit, to
wit: 1st Battalion, [22d] Infantry Regiment, 1st Brigade Combat Team, 4th
Infantry Division (Mechanized), located at Fort Hood, Texas, and did remain
so absent until on or about 8 May 2008, in violation of Article 86, UCMJ.
Reassessing the sentence on the basis of the error noted, the entire
record, and in accordance with the principles of United States v. Sales, 22
M.J. 305 (C.M.A. 1986) and United States v. Moffeit, 63 M.J. 40 (C.A.A.F.
2006), to include the factors identified by Judge Baker in his concurring
opinion, the court affirms the sentence.

 FOR THE COURT:

 MARY B. CHAPMAN
 Acting Clerk of Court

-----------------------
[1] See United States v. Care, 18 U.S.C.M.A., 535, 40 C.M.R. 247 (1969).