UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, CARLTON, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant WILLIAM C. HOBBS, JR.
 United States Army, Appellant

 ARMY 20100791

 Headquarters, 10th Support Group and U.S. Army, Okinawa
 T. Mark Kulish, Military Judge
 Lieutenant Colonel Barry J. Stephens, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Captain Jennifer A. Parker, JA; Captain Richard M. Gallagher,
JA (on brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams,
JA; Captain Kenneth W. Borgnino, JA (on brief).

 29 July 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge, sitting as a special court-martial, convicted
appellant, pursuant to his pleas, of attempted larceny, failure to obey a
lawful order, false official statement, and three specifications of
larceny, in violation of Articles 80, 92, 107, and 121, Uniform Code of
Military Justice, 10 U.S.C. §§ 880, 892, 907, and 921 (2008) [hereinafter
UCMJ].[1] Appellant was also convicted, pursuant to his pleas, of forgery
in violation of Article 123, UCMJ. The military judge sentenced appellant
to a bad-conduct discharge, confinement for twelve months, and reduction to
the grade of E-3. The convening authority reduced the sentence to
confinement to ten months and approved the remainder of the sentence.

 Appellant raised one assignment of error, alleging that his plea of
guilty to forgery was improvident because his alteration of a Leave and
Earnings Statement (LES) did not apparently impose a legal liability on
another person. In response, “[t]he [g]overnment concedes that the altered
[LES] in this case does not satisfy the legal efficacy requirement of
Article 123, UCMJ.” We agree with the parties and will set aside
appellant’s conviction for forgery and reassess the sentence.

 LAW AND DISCUSSION

 We review a military judge’s decision to accept a plea of guilty “for
an abuse of discretion and questions of law arising from the guilty plea de
novo.” United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008). A
guilty plea will be set aside on appeal only if an appellant can show a
substantial basis in law or fact to question the plea. Id. (citing United
States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991)). The Court applies this
“substantial basis” test by determining whether the record raises a
substantial question about the factual basis of appellant’s guilty plea or
the law underpinning the plea. Id. See Article 45, UCMJ; Rule for Court-
Martial 910(e).

 The offense of forgery requires that a writing be altered with the
intent to defraud and that the altered writing be of a nature to, “if
genuine, apparently impose a legal liability on another or change his legal
right or liability to his prejudice.” Article 123, UCMJ. “If under all
the circumstances the instrument has neither real nor apparent legal
efficacy, there is no forgery.” Manual for Courts-Martial, United States
(2008 ed.), Part IV, para. 48.c.(4). Therefore, merely altering an “entry
on a document is not, in itself, sufficient to constitute forgery; the
apparent nature of the document is also critical.” United States v.
Thomas, 25 M.J. 396, 398 (C.M.A. 1988).

 In this case, the military judge accepted appellant’s plea of guilty
to forgery based upon appellant’s alteration of a LES belonging to another
soldier. On the facts before us, we cannot conclude that appellant’s
alteration of a LES changed the legal rights or liabilities of any person.
That is not to say that altering an LES will never amount to forgery. As
the government is correct to point out, “[m]odification of a particular LES
in certain respects may, in certain cases, meet the definition of legal
efficacy and rise to the level of forgery in violation of Article 123,
UCMJ.” But in appellant’s case, the altered LES does not possess any legal
efficacy. Accordingly, we hold there is a substantial basis in fact to
question appellant’s plea of guilty to forgery, and, therefore, the
military judge abused his discretion by accepting appellant’s plea of
guilty to that charge.

 CONCLUSION

 The findings of guilty of the Specification of Charge V, and Charge V,
are set aside, and that specification and charge are dismissed. The
remaining findings of guilty are affirmed. The dismissal of Charge V does
not dramatically change the sentencing landscape. Reassessing the sentence
on the basis of the error noted, the entire record, and in accordance with
the principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986), and
United States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006), to include the
factors identified by Judge Baker in his concurring opinion in Moffeit, the
court affirms the sentence as approved by the convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Appellant was found not guilty of one specification alleging a general
disorder prejudicial to good order and discipline or of a nature to bring
discredit upon the armed forces in violation of Article 134, UCMJ.