# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant SCOTT J. LEBER**
**United States Army, Appellant**

ARMY 20100931

Headquarters, Fort Bragg
Gary J. Brockington, Military Judge
Lieutenant Colonel Charles C. Poche, Acting Staff Judge Advocate (pretrial)
Major Michael A. Goba, Acting Staff Judge Advocate (post-trial)

For Appellant: Captain Barbara A. Snow-Martone, JA; Major Jacob D. Bashore, JA.

For Appellee:  Major Amber J. Williams, JA.

19 April 2012

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

 An enlisted panel sitting as a special court-martial convicted appellant, contrary to his pleas, of one specification of violating a lawful general order by wrongfully introducing, possessing, transferring and consuming alcohol and one specification of wrongfully introducing an unknown quantity of opium onto an installation under control of the armed forces with intent to distribute while receiving special pay, in violation of Article 92 and 112a , Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 912a (2006) [hereinafter UCMJ], respectively.  The appellant was sentenced to a bad-conduct discharge and confinement for six months. The convening authority approved the sentence as adjudged.

 Upon review of the case before us under Article 66, UCMJ, and the matters personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982),  we hold that there is insufficient evidence to support that the appellant was receiving special pay in reference to the Specification of Charge II. We will therefore amend the Specification of Charge II by deleting the words "while receiving special pay under 37 U.S.C. §310."

LEBER – ARMY 20100931

Accordingly, the court affirms only so much of the finding of guilty of the Specification of Charge II as finds that the appellant "between on or about 20 April 2009 and on or before 4 September 2009, at or near Kandahar Air Field, Afghanistan wrongfully introduced an unknown quantity of Opium onto an installation under control of the armed forces, to wit:  Kandahar Air Field, Afghanistan, with the intent to distribute the said controlled substance."   The remaining findings of guilty are affirmed.  Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court