JOHNSON, Senior Judge:
(Part II— sentence)
I write for the majority concerning the sentence. We are convinced that we can perform a sentence reassessment in this case and need not return the case to the convening authority for a sentence rehearing. In making our decision, we consider the principles defined in United States v. Sales, 22 M.J. 305, 308 (C.M.A.1986); and United States v. Moffeit, 63 M.J. 40, 41 (C.A.A.F. 2006), including those specifically discussed in Judge Baker’s concurring opinion, Moffeit, 63 M.J. at 43 (Baker, J., concurring). This non-exhaustive list includes the following: (1) whether there are changes in the penalty landscape, including whether charges with significant exposure or aggravating circumstances are taken off the table; (2) whether appellant chose sentencing by members or by military judge alone; (3) the nature of the remaining offense(s); and (4) our identification on the record of the factors that informed our reassessment decision. Id.
First, the penalty landscape has not significantly changed. Appellant remains convicted of two AWOL offenses, each including a maximum of one year’s confinement and a punitive discharge. Given the jurisdictional limit of the court-martial, the maximum exposure faced by appellant remains unchanged. Appellant pled guilty to one AWOL of approximately three months, and another of approximately four months. Appellant did not return to duty voluntarily after his second AWOL, and engaged in other misconduct before being returned to military authority. Further, during sentencing his platoon leader testified that appellant’s absence “really hurt” the platoon and had a “significant negative impact on the mission readiness for the battalion.” Finally, government counsel spoke of appellant’s threats in closing on sentence but concentrated most of his argument on the AWOL offenses, positing to the military judge that they were worth seven of the ten months of confinement ultimately requested. In sum, although today we dismiss the specifications concerning appellant’s threats, the sentencing landscape has not significantly changed and several aggravating circumstances remain on the table. Second, appellant chose to be tried and sentenced by a military judge alone. A service court of criminal appeals is “more likely to be certain of what a military judge alone would have done than what a panel of members would have done.” Moffeit, 63 M.J. at 43. Third, the nature of this offense more readily lends itself to sentence reassessment. This court has “the experience and familiarity ... to reliably determine what sentence would have been imposed at trial by the military judge[].” Id. Indeed, this court routinely reviews findings and sentences related to AWOL offenses.
*556 After applying the Sales and Moffeit analysis, and after careful consideration of the entire record, we set aside appellant’s adjudged confinement and approve only the bad-conduct discharge. We are confident that affirming a sentence of only a bad-conduct discharge is at least a sentence that is equal to or no greater than a sentence that would have been imposed absent any error, and is appropriate. Sales, 22 M.J. at 308.
CONCLUSION
The findings of guilty to Specifications 1, 2 and 3 of Charge II are set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence in accordance with the sentencing principles outlined above, this court affirms only so much of the sentence as provides for a bad-conduct discharge. The sentence, as modified, is affirmed. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored. See UCMJ, Arts. 58b(c) and 75(a), 10 U.S.C. §§ 858b(c), 875(a).
Judge BURTON concurs.