# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 BRANDON K. PRICE**
**United States Army, Appellant**

ARMY 20100382

Headquarters, United States Army Maneuver Center of Excellence
James Pohl, Military Judge
Colonel Tracy A. Barnes, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Stephen J. Rueter, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA (on brief).

30 July 2012

-----------------------------------------------------
SUMMARY DISPOSITION ON REMAND
-----------------------------------------------------

Per Curiam:

A military judge, sitting as a special court-martial, convicted appellant, contrary to his pleas, of conspiracy to commit burglary, absence without leave, robbery, aggravated assault, assault consummated by a battery, and burglary, in violation of Articles 81, 86, 122, 128, and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 81, 86, 122, 128, 129 (2006) [hereinafter UCMJ].[*]  The military judge also convicted appellant, contrary to his pleas, of one specification alleging wrongful communication of a threat in violation of Article 134, UCMJ.  *See Manual for Courts-Martial*, *United States* (2012 ed.), pt. IV, ¶ 110.b.  The military judge sentenced appellant to a bad-conduct discharge and confinement for twelve months. The convening authority approved the adjudged sentence and credited appellant with sixty-four days against the approved sentence to confinement.

---

[*] Appellant was found not guilty of one specification of conspiracy to commit aggravated assault and one specification of wrongful communication of a threat, in violation of Articles 81 and 134, UCMJ.

PRICE—ARMY 20100382

On 30 March 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence. On 21 September 2011, our superior court vacated our decision and returned the record of trial to the Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). On 28 October 2011, we issued a decision in this case where we, again, affirmed the findings and the sentence. On 10 July 2012, our superior court reversed our decision as to Charge VI, Specification 2 (communicating a threat in violation of Article 134, UCMJ) and as to the sentence and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

In light of *Humphries*, we are compelled to disapprove the findings of guilt as to the Article 134 offense previously affirmed. That specification did not contain an allegation of terminal elements under Article 134 and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's conviction for communicating a threat and dismiss the defective specification which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On consideration of the entire record, we disapprove the finding of guilty as to Charge VI, Specification 2, and affirm the remaining findings of guilty. Charge VI, Specification 2, is set aside and dismissed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

2