# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BENJAMIN M. ACKMAN**
**United States Army, Appellant**

ARMY 20090615

Headquarters, United States Army Maneuver Center of Excellence
James Pohl, Military Judge
Colonel Tracy A. Barnes, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain E. Patrick Gilman, JA (on brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Adam S. Kazin, JA; Captain Joshua W. Johnson, JA (on brief).

8 August 2012

--------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
--------------------------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of two specifications of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2006) [hereinafter UCMJ]. At the same general court-martial, a panel of officer and enlisted members convicted appellant, contrary to his pleas, of aggravated sexual assault, indecent conduct, and adultery, in violation of Articles 120 and 134, UCMJ.[1] *See Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 62.b. The panel sentenced appellant to a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority

---

[1] One specification of unlawful entry in violation of Article 134, UCMJ, was dismissed.

disapproved one year of confinement, waived a portion of the automatic forfeitures for six months,[2] and otherwise approved the remainder of the sentence.

On 30 November 2011, we issued a decision in this case, affirming the findings of guilty and the sentence. On 10 July 2012, our superior court reversed our decision as to Specification 1 of Charge II (renumbered) (adultery in violation of Article 134, UCMJ) and as to the sentence, and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

In light of *Humphries*, we are compelled to disapprove the finding of guilt as to the Article 134, UCMJ, offense previously affirmed. The specification does not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's conviction for adultery and dismiss the defective specification which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On consideration of the entire record, the finding of guilty of Specification 1 of Charge II (renumbered) is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40

---

[2] Prior to action, the convening authority approved appellant's request for waiver of automatic forfeitures in the amount of $1399.50 pay per month (the basic pay amount for an E1 in 2009). This waiver was approved for a six-month period to begin after action. Thereafter, the convening authority took action and reiterated the previously approved waiver of forfeitures, directing payment to Mrs. Tracy Ackman for a period of six months. However, the convening authority also approved the adjudged sentence to total forfeiture of all pay and allowances. Thus, although the *automatic* forfeitures were waived, the *adjudged* forfeitures were still in effect, thereby leaving no forfeitures to pay for the benefit of Mrs. Ackman. In order to effectuate the clear intent of the convening authority and in the spirit of judicial economy, we will set aside that portion of the sentence that included total forfeiture of all pay and allowances in our decretal paragraph. To the extent that the Defense Finance and Accounting Service did not execute the convening authority's waiver of forfeitures of $1399.50 pay per month for a six month period, we order retroactive payment to Mrs. Tracy Ackman.

(C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for three years, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court