# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 MICHAEL E. QUEENAN**
**United States Army, Appellant**

ARMY 20110423

Headquarters, 101st Airborne Division (Air Assault) and Fort Campbell
Timothy Grammel, Military Judge
Lieutenant Colonel Joseph B. Morse, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Richard M. Gallagher, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA; Major James A. Ewing, JA (on brief).

22 August 2012

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of absent without leave, three specifications of engaging in sexual acts with a child who had attained the age of twelve years but had not attained the age of sixteen, two specifications of sodomy with a child who has attained the age of twelve but under the age of sixteen, and two specifications of adultery in violation of Articles 86, 120b, 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 920b, 925, 934 (2006) [hereinafter UCMJ]. *See Manual for Courts-Martial*, *United States*, (2008 ed.), pt. IV, ¶ 62.b. Appellant was sentenced to a bad-conduct discharge, confinement for forty-two months, and forfeiture of all pay and allowances. The convening authority approved a bad-conduct discharge, confinement for thirty-six months, and forfeiture of all pay and allowances. Appellant was credited with one hundred sixty-seven days of confinement against the sentence of confinement.

QUEENAN—ARMY 20110423

In light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we are compelled to disapprove the findings of guilt as to Specifications 2 and 3 of Charge IV in violation of Article 134, UCMJ.[*] The specifications do not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's convictions for adultery and dismiss the defective specifications which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On consideration of the entire record, the findings of guilty of Specifications 2 and 3 of Charge IV are set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] The Military Judge changed appellant's plea to Specification 1 of Charge IV to not guilty prior to findings. Specification 4 of Charge IV was dismissed.

2