# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, JOHNSON, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class TANNER P. FORRY**
**United States Army, Appellant**

ARMY 20080334

Headquarters, Fort Lewis
John Head and Michelle Shields, Military Judges
Colonel James Kevin Lovejoy, Staff Judge Advocate (pretrial)
Colonel Mitchell R. Chitwood, Staff Judge Advocate (recommendation)

For Appellant:  Colonel Mark Tellitocci, JA; Captain Shay Stanford, JA; Major Jonathan F. Potter, JA (on brief).

For Appellee:  Major Amber J. Williams, JA; Major LaJohnne White, JA; Captain Benjamin Owens-Filice, JA (on brief).

28 August 2012

--------------------------------------------------------
SUMMARY DISPOSITION UPON REMAND
--------------------------------------------------------

Per Curiam:

A panel composed of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of attempted carnal knowledge with a child over the age of twelve but under the age of sixteen, one specification of possessing child pornography, one specification of distributing child pornography, one specification of persuading, inducing, or enticing a minor to engage in sexually explicit conduct, one specification of persuading, inducing, or enticing a minor via the internet to engage in sexual intercourse, one specification of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, one specification of transferring obscene matter via the internet, two specifications of communicating indecent language to a child in writing, and one specification of  knowingly executing computer programs of a forensically destructive nature for the purpose of preventing or impairing the Government's lawful authority to take his computer into its custody and control in violation of

Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934 (2006) [hereinafter UCMJ].* Appellant was sentenced to be confined for fifteen (15) years and to be dishonorably discharged from the service. The convening authority approved the adjudged sentence and credited appellant with thirty (30) days of confinement against the sentence to confinement.

On 7 June 2011, we issued an opinion in this case, summarily affirming the findings of guilty and the sentence. *United States v. Forry*, ARMY 20080334 (Army Ct. Crim. App. 7 June 2011) (unpub.). On 19 October 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). On 7 December 2011, we issued an opinion in this case, affirming the findings of guilty and the sentence. *United States v. Forry*, ARMY 20080334, (Army Ct. Crim. App. 7 Dec. 2011) (summ. disp.). On 10 July 2012, our superior court reversed our decision as to Specifications 5 and 7 of Additional Charge II and as to the sentence, and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

In light of *Humphries*, we are compelled to disapprove the findings of guilt as to the Article 134, UCMJ, offenses previously affirmed. The specifications do not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's convictions for communicating indecent language to a child and dismiss the defective specifications which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On consideration of the entire record, the findings of guilty of Specification 5 and 7 of Additional Charge II are set aside and those specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

---

* Appellant was found not guilty of one specification of persuading, inducing, or enticing a minor to engage in sexually explicit conduct in violation of Article 134, UCMJ.

FORRY—ARMY 20080334



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court