*41 Judge CRAWFORD
delivered the opinion of the Court.
Contrary to his pleas, Appellant was convicted of receiving and possessing child pornography, and misusing the Internet in an attempt to entice minors in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000). The convening authority approved the sentence of a dishonorable discharge, forty-five months of confinement, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.
FACTS
In light of United States v. O’Connor, 58 M.J. 450 (C.A.A.F.2003), we set aside the findings of guilty to possessing and receiving child pornography and remanded the case. United States v. Moffeit, 60 M.J. 348 (C.A.A.F.2004). The lower court was given the option of either dismissing those specifications and reassessing the sentence based on the remaining internet offense, or order a rehearing. Id. The lower court reassessed the sentence reducing the confinement to thirty-three months. The lower court, citing United States v. Sales, 22 M.J. 305 (C.M.A. 1986), said:
Applying this [SaZes] analysis, and after careful consideration of the entire record, we are satisfied beyond a reasonable doubt that, in the absence of Specifications 1 and 2 of the Charge, the military judge would have adjudged a sentence of no less than a dishonorable discharge, confinement for [thirty-three] months, forfeiture of all pay and allowances, and reduction to E-l.
United States v. Moffeit, No. ACM 35159, 2004 CCA LEXIS 297, at *3,2005 WL 11588, at *1 (A.F.Ct.Crim.App. Dee. 8, 2004). Judge Johnson, concurring in part and dissenting in part, indicated she would have returned this case for a new sentence rehearing. Id. at 2004 CCA LEXIS 297, at *4, 2005 WL 11588, at *1. After reassessment, we granted the following issue:
WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ABUSED ITS DISCRETION BY REASSESSING APPELLANT’S SENTENCE TO INCLUDE A DISHONORABLE DISCHARGE AND 33 MONTHS OF CONFINEMENT RATHER THAN ORDERING A REHEARING ON THE SENTENCE.
In Sales, we held that a Court of Criminal Appeals (CCA), in dismissing a charge, may reassess the sentence and that sentence must be equal to or no greater than a sentence that would have been imposed if there had been no error. 22 M.J. at 308. “Thus, if the court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error____” Id. However, “[i]f the error at trial was of constitutional magnitude, then the court must be satisfied beyond a reasonable doubt that its reassessment cured the error.” United States v. Doss, 57 M.J. 182, 185 (C.A.A.F.2002) (citing Sales, 22 M.J. at 307); see also United States v. Buber, 62 M.J. 476 (C.A.A.F.2006); United States v. Berry, 61 M.J. 91 (C.A.A.F.2005). Further, it is error for a lower court to use an incorrect standard. United States v. Baier, 60 M.J. 382 (C.A.A.F.2005).
We hold that the CCA correctly applied Sales. We note that the lower court has reviewed the records of a substantial number of courts-martial involving convictions for child pornography activities and offenses involving sexual misconduct with children and has extensive experience with the level of sentences imposed for such offenses under various circumstances. In this case, a substantial maximum was available based on the remaining charge and specification. The reassessed sentence was well below that maximum. The remaining charge, involving an effort to solicit children for sexual activity via a website posted on the Internet, was the most serious offense and had a negative impact in the community around Shaw Air Force Base. The website generated a number of hostile e-mail responses and several complaints to law enforcement officials. The Chief of Police for Sumter, South Carolina, was “appalled” when she learned that a member of the United States Air *42 Force had created the site. Thus, we hold that the CCA did not abuse its discretion in concluding that it could determine to its satisfaction that, absent any error, the adjudged sentence for the remaining offense would have been at least the severity of the sentence that the court approved on reassessment.
The decision of the United States Air Force Court of Criminal Appeals is affirmed.