UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Staff Sergeant VICTOR J. PORTALES
 United States Army, Appellant

 ARMY 20051348

 Headquarters, U.S. Army Air Defense Artillery Center and Fort Bliss
 Jeffrey R. Nance and Mark P. Spusato, Military Judges
 Colonel Mark A. Rivest, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks JA; Captain Alison L. Gregoire JA (on brief).

For Appellee: Major Elizabeth G. Marotta JA; Lieutenant Colonel Lieutenant
Colonel Francis C. Kiley, JA; Major Karen J. Borerdine JA (on brief).

 4 April 2008

 -------------------------------------
 SUMMARY DISPOSITION
 -------------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice, 10 U.S.C. §866 [hereinafter UCMJ]. Appellant was
charged, inter alia, with three specifications of wrongful importation,
introduction, and/or distribution of cocaine in violation of Article 112a,
UCMJ (Charge II). We concur with appellant’s assertion that his providence
inquiry does not support his plea to all of the language in Specification 3
of Charge II. Accordingly, we set aside the finding of guilty to and
dismiss only so much of Specification 3 of Charge II as states “and/or
distribution.” As amended, Specification 3 of Charge II now provides:

 In that SSG Victor J. Portales, U.S. Army, did, at or near Apiay
 Airbase, Colombia and/or Fort Bliss, Texas, between on or about 1
 February 2005 and on or about 29 March 2005, wrongfully import and
 introduce approximately 15 kilograms of cocaine into the customs
 territory of the United States and onto an installation used by or
 under control of the Armed Forces, to wit: Biggs Army Airfield, Fort
 Bliss, Texas, on board a military aircraft in use by the armed forces
 and while receiving special pay under 37 U.S.C. §310.

 We affirm the finding of guilty to Specification 3 of Charge II as
amended.

 The remaining findings of guilty are affirmed. Reassessing the
sentence on the basis of the error noted, the entire record, and applying
the principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986) and
United States v. Moffeit, including Judge Baker’s concurring opinion, 63
M.J. 40, 43 (C.A.A.F. 2006), the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court