UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Lieutenant Colonel CHARLES J. CLAYTON
 United States Army, Appellant

 ARMY 20070145

 Third Army, United States Army Central
 Richard Gordon, Military Judge

For Appellant: William E. Cassara, Esq., JA; Captain Frank B. Ulmer, JA
(on brief).

For Appellee: Colonel John W. Miller II, JA; Major Elizabeth G. Marotta;
Major Tami L. Dillahunt, JA; Captain Adam S. Kazin, JA (on brief).

 9 May 2008

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice, 10 U.S.C. §866 [hereinafter UCMJ]. We find error in the
findings of the court-martial as described below.

 In the Specification of Charge I, appellant was charged with violation
of lawful general orders by, inter alia, wrongful possession of adult and
child pornography at Camp Arifjan and Camp Doha, Kuwait, in violation of
Article 92, UCMJ. Appellant’s providence inquiry does not support his plea
to the Camp Doha situs. Accordingly, we set aside the finding of guilty to
and dismiss only so much of the Specification of Charge I as states, “and
at or near Camp Doha, Kuwait” and affirm the finding of guilty to the
specification as amended.

 The remaining findings of guilty are affirmed. We have considered the
assignments of error and find them to be without merit. Reassessing the
sentence on the basis of the error noted, the entire record, and applying
the principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986) and
United States v. Moffeit, including Judge Baker’s concurring opinion, 63
M.J. 40, 43 (C.A.A.F. 2006), the court affirms the sentence.*
 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

* On 1 May 2008, we denied a defense motion for an 11 June 2008 oral
argument, which claimed “[counsel] needs the requested time to complete his
previously scheduled active duty training and to properly prepare for oral
argument.” This court previously granted appellant’s “Motion for Expedited
Review” in this case, which averred “neither claim [assignment of error] is
novel or unusually complex.”
Consistent with appellant’s request for expedited review and our superior
court’s mandate, we issued a decision as expeditiously as possible while
safeguarding appellant’s rights under Article 66, UCMJ. See United States
v. Moreno, 63 M.J. 129, 135 (C.A.A.F. 2006) (reviewing claims of post-trial
and appellate delay using the four-factor analysis in Barker v. Wingo, 407
U.S. 514 (1972)); see also United States v. Finch, 64 M.J. 118, 125
(C.A.A.F. 2006) (noting appellant’s request for expedited review in
evaluating appellant’s claim of dilatory post-trial processing).