UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and SIMS
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 ROBERT B. HILLEY
 United States Army, Appellant

 ARMY 20080176

 Headquarters, U.S. Army Combined Arms Support Command and Fort Lee
 Theresa A. Gallagher, Military Judge
 Colonel Michael E. Sainsbury, Staff Judge Advocate

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Captain Jennifer A.
Parker, JA (on brief).

For Appellee: Colonel Norman F. J. Allen III, JA; Major Lisa L. Gumbs, JA;
Captain Stephanie R. Cooper, JA (on brief).

 31 August 2009

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------
Per Curiam:

 A military judge, sitting as a general court-martial, convicted
appellant, pursuant to his pleas, of conspiracy to commit larceny (three
specifications), absence without leave (AWOL) (three specifications), use
of marijuana (one specification), use and possession of heroin (one
specification), use of cocaine (one specification), wrongful appropriation
(one specification), larceny of property other than military property of a
value of more than $500 (two specifications), and larceny of property other
than military property of a value of $500 or less (two specifications), in
violation of Articles 81, 86, 112a, and 121, Uniform Code of Military
Justice, 10 U.S.C. §§ 881, 886, 912a, and 921 [hereinafter UCMJ]. The
military judge sentenced appellant to confinement for twenty months and a
bad-conduct discharge. The convening authority credited appellant with 136
days of pretrial confinement credit and approved the adjudged sentence.
This case is before the court for review under Article 66, UCMJ.

 On consideration of the entire record, we find that the staff judge
advocate’s post-trial recommendation (SJAR) misstates the termination date
for the AWOL offense in Specification 3 of Charge II. At trial, the
military judge approved the government’s motion to amend Specification 3 of
Charge II, amending the termination date of appellant’s AWOL offense to 8
October 2007. However, the SJAR states appellant was found guilty of AWOL
from 21 August 2007 until 12 October 2007. Appellant and his trial defense
counsel did not object to this mistake in the SJAR. See Rule for Courts-
Martial 1105, 1106(f)(4). Appellate defense counsel, inter alia, now ask
us to correct this error by either (1) reassessing the sentence, or (2)
returning the record for new post-trial processing. Appellant government
counsel “requests that this Court affirm only that portion of appellant’s
finding of guilty for the AWOL period ending ‘on or about 8 October 2007’
and . . . affirm the sentence.”

 Unless indicated otherwise in his action, a convening authority
approves the findings as stated in the SJAR. United States v. Diaz, 40
M.J. 335, 337 (C.M.A. 1994). Accordingly, the convening authority’s
“purported approval” of a guilty finding of an AWOL conviction with a
termination date of 12 October 2007 was a nullity. United States v.
Saunders, 56 M.J. 930, 936 (Army Ct. Crim. App. 2002), aff’d, 59 M.J. 1
(C.A.A.F. 2003); see Diaz, 40 M.J. at 337.

 To conform with the military judge’s amendment of Specification 3 of
Charge II, we will affirm appellant’s AWOL conviction with an ending date
of 8 October 2007 in our decretal paragraph. See United States v. Wheelus,
49 M.J. 283, 288-89 (C.A.A.F. 1998) (applying a “colorable showing of
possible prejudice” standard to SJAR errors raised on appeal).

 The remaining assignments of error are without merit.

 CONCLUSION

 Accordingly, the court affirms only so much of the finding of guilty
of Specification 3 of Charge II as finds that appellant did, on or about 21
August 2007, without authority, absent himself from his unit, to wit: P
Company, 266th Quartermaster Battalion, 23rd Quartermaster Brigade,
Building #3108, located at Fort Lee, Virginia, and did so remain absent
until on or about 8 October 2007, in violation of Article 86, UCMJ. The
remaining findings of guilty are affirmed. Reassessing the sentence on the
basis of the noted error, the entire record, and the principles of United
States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United States v. Moffeit,
including Judge Baker’s concurring opinion, 63 M.J. 40, 43 (C.A.A.F. 2006),
the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court