UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 KERN, CARLTON, and YOB
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 TED A. DAILEY
 United States Army, Appellant

 ARMY 20100213

 Headquarters, 3rd Infantry Division and Fort Stewart
 Tara Osborn, Military Judge
 Lieutenant Colonel Shane E. Bartee, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Major Laura R. Kesler, JA; Captain Richard M. Gallagher, JA
(on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA;
Captain Nathan S. Mammen, JA (on brief).

 29 July 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant pursuant to his pleas, of one charge and four specifications of
absent without leave, one charge and two specifications of larceny, and one
charge and two specifications of housebreaking, in violation of Articles
86, 121, and 130, Uniform Code of Military Justice [hereinafter UCMJ]; 10
U.S.C. §§ 886, 921, and 930 (2008). Finding appellant’s guilty plea to the
second specification of housebreaking improvident, the military judge
entered a finding of guilty, without objection, to unlawful entry in
violation of Article 134, UCMJ; 10 U.S.C. § 934 (2008) to this offense.
The judge sentenced appellant to a bad-conduct discharge and confinement
for twelve months. The convening authority, pursuant to a pretrial
agreement, approved only so much of the sentence as provided for a bad-
conduct discharge and eight months of confinement. No complaint of error
was raised by trial defense counsel prior to initial action.

 Before our court, appellant contends that the military judge
committed prejudicial plain error by finding unlawful entry to be a lesser-
included offense of housebreaking, and by failing to obtain appellant’s
waiver of his Constitutional rights before she used his statements to
convict him of that offense. Under the facts of this case, we agree with
appellant.

 LAW AND ANALYSIS

 After initially finding appellant guilty of both charged
specifications of housebreaking, pursuant to his pleas, the military judge
properly reopened the providence inquiry regarding these offenses. Further
questioning revealed that appellant unlawfully entered the victim’s Fort
Stewart, Georgia quarters on
27 January 2010, but without the same malevolent larcenous intent that he
held on
1 January 2010 when breaking into the same unoccupied quarters. The
military judge entered a finding of not guilty of housebreaking but guilty
of unlawful entry to Specification 2, Charge III.

 As trial counsel prepared to call his first aggravation witness, the
military judge renewed her dialogue with appellant. She defined conduct
prejudicial to good order and discipline and service discrediting conduct
for appellant. In turn, appellant explained how unlawfully entering the
quarters of his good friend, who was then deployed to Iraq, violated a
friendship, a trust, adversely affected discipline in the unit, and
discredited the Army in the public’s view.

 In conducting our de novo review of this question of law, we conclude
unlawful entry is not a lesser-included offense of housebreaking. The
elements of unlawful entry are not a subset of those encompassing
housebreaking. See United States Girouard, 70 M.J. 5 (C.A.A.F. 2011);
United States v. Jones, 68 M.J. 465 (C.A.A.F. 2010)(citing Schmuck v.
United States, 489 U.S. 705 (1989).

 We do not concur with Government appellate counsel’s argument that
appellant constructively amended the charge sheet through his plea,
recitation of the facts underlying his crimes on 27 January 2010, and
agreeing to continue with the court-martial proceedings in order to
preserve his confinement-limiting pretrial agreement. Contrary to the
military judge’s statement, appellant never pleaded guilty to unlawful
entry. He certainly could have at the onset of this court-martial, but he
did not do so. See, Jones 68 M.J. at 473. Without a proper plea and
requisite advice from the military judge regarding his Constitutional
rights waivers relating to unlawful entry, appellant’s conviction of
Specification 2, Charge III cannot stand.

 Conclusion

 The findings of guilty of Specification 2 of Charge III are set aside,
and that specification is dismissed. The remaining findings of guilty are
affirmed. The dismissal of Specification 2 of Charge III does not
dramatically change the sentencing landscape. Reassessing the sentence on
the basis of the error noted, the entire record, and in accordance with the
principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United
States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006), to include the factors
identified by Judge Baker in his concurring opinion, the court affirms the
sentence as approved by the convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court