# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JAMIL V. WILLIAMS**
**United States Army, Appellant**

ARMY 20090619

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Lieutenant Colonel Anthony T. Febbo, Acting Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Captain Barbara A. Snow-Martone, JA (on brief); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Barbara A. Snow-Martone, JA (reply brief).

For Appellee:  Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Daniel H. Karna, JA (on brief).

30 July 2012

---------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------------

Per Curiam:

A panel of officers and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of absence without leave terminated by apprehension, willfully disobeying a superior commissioned officer, violation of a lawful general regulation, false official statement, consensual sodomy, assault consummated by a battery, adultery, and obstructing justice, in violation of Articles 86, 90, 92, 107, 125, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 892, 907, 925, 928, 934 (2006) [hereinafter UCMJ].  *See Manual for Courts-Martial*, *United States* (2012 ed.), pt. IV, ¶¶ 62.b. and 96.b.  The panel sentenced appellant to a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence and credited appellant with 116 days of pretrial confinement against the sentence to confinement.

WILLIAMS—ARMY 20090619

On 21 December 2011, we issued a decision in this case, affirming the findings of guilty and the sentence. On 10 July 2012, our superior court reversed our decision as to Charge IV and its Specification (adultery in violation of Article 134, UCMJ), as to Additional Charge V, Specification 1 (obstructing justice in violation of Article 134, UCMJ), and as to the sentence and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

In light of *Humphries*, we are compelled to disapprove the findings of guilt as to the two Article 134, UCMJ, offenses previously affirmed. Neither specification contained allegations of terminal elements under Article 134, UCMJ, nor is there anything in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's convictions for adultery and obstructing justice and dismiss the defective specifications which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On consideration of the entire record, the findings of guilty of Charge IV and its Specification and Additional Charge V, Specification 1, is set aside and those specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

2