# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JOHNNY L.B. TYSON**
**United States Army, Appellant**

ARMY 20110993

Headquarters, Joint Readiness Training Center and Fort Polk
Gregory A. Gross, Military Judge
Colonel Keith C. Well, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Captain E. Patrick Gilman, JA (on brief).

For Appellee:  Major Amber J. Roach, JA; Major Katherine S. Gowel, JA (on brief).

31 July 2012

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of failure to obey a lawful general regulation, false official statement, and malingering, in violation of Articles 92, 107, and 115, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 915 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for 120 days, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

We have considered the record of trial and the parties' pleadings, and, on consideration of the entire case, find in relation to Charge I and its Specification only so much of the finding of guilty that states appellant "did, at or near Fort Polk, Louisiana, on or about 8 May 2011, for the purpose of avoiding his duty to return to his unit in Afghanistan, a deployed environment, intentionally injure himself by discharging a .40 caliber pistol round through the palm of his right hand," in violation of Article 115, UCMJ, should be approved.  Article 66, UCMJ; *United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).  The remaining findings of guilty

are affirmed.  Reassessing the sentence in light of the above and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court