UNITED STATES ARMY COURT OF CRIMINAL APPEALS
 
 Before
 JOHNSON, KRAUSS, and BURTON
 Appellate Military Judges
 
 UNITED STATES, Appellee
 v.
 Master Sergeant ROBERT T. TOUSSANT 
 United States Army, Appellant
 
 ARMY 20090839
 
 Headquarters, Fort Hood
 Charles S. Walters, Military Judge
 Colonel Stuart W. Risch, Staff Judge Advocate 
 
 
For Appellant: Captain Jennifer Parker, JA; Lieutenant Colonel Jonathan F. Potter, JA (on brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Adam S. Kazin, JA (on brief).

 24 August 2012

 -------------------------------------------------------
 SUMMARY DISPOSITION ON REMAND
 -------------------------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of desertion in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 (2006) [hereinafter UCMJ], two specifications of rape, and one specification of indecent acts with another in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934 (2000). See Manual for Courts-Martial, United States (2012 ed.), app. 27, ¶ 90.b. The military judge sentenced appellant to a dishonorable discharge and confinement for sixteen years. The convening authority approved the adjudged sentence and credited appellant with 168 days of confinement against the sentence of confinement. 

On 31 January 2012, we issued a decision in this case, affirming the findings of guilty and the sentence. On 10 July 2012, our superior court reversed our decision as to Specification 4 of Charge III (indecent acts with another in violation of Article 134, UCMJ) and as to the sentence, and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of United States v. Humphries, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

In light of Humphries, we are compelled to disapprove the finding of guilt as to the Article 134, UCMJ, offense previously affirmed. The specification does not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under Humphries. Therefore, we now reverse appellant's conviction for indecent acts with another and dismiss the defective specification which failed to state an offense in light of United States v. Fosler, 70 M.J. 225 (C.A.A.F. 2011). 

Nonetheless, we are convinced that we can perform a sentence reassessment in this case and need not return appellant's case to the convening authority for a sentence rehearing. In making our decision, we consider the principles defined in United States v. Sales, 22 M.J. 305, 308 (C.M.A. 1986), and United States v. Moffeit, 63 M.J. 40, 41 (C.A.A.F. 2006), including those specifically discussed in Judge Baker's concurring opinion, Moffeit, 63 M.J. at 43 (Baker, J., concurring). 

Appellant remains convicted of offenses punishable by a maximum authorized period of confinement for life without the possibility of parole. The gravamen of appellant's crimes centered around the fact that he raped his daughter, TT, on multiple occasions in multiple locations over a five year period beginning when TT turned eleven years-old. We will offer relief in our decretal paragraph taking into consideration that the specification involving appellant's misconduct with his other daughter, KT, has now been dismissed.

The nature of appellant's remaining offenses lends themselves to a sentence reassessment. On consideration of the entire record, the finding of guilty of Specification 4 of Charge III is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of Sales and Moffeit, the court affirms only so much of the sentence as provides for a dishonorable discharge and confinement for fifteen years. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. See UCMJ arts. 58b(c) and 75(a).

 FOR THE COURT:
MALCOLM H. SQUIRES, JR.
 Clerk of Court