# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 TIYEWHONNE M. DAVIS**
**United States Army, Appellant**

ARMY 20101022

U.S. Army Combined Arms Support Command
Sustainment Center of Excellence and Fort Lee
Stephen R. Henley and Steven H. Levin, Military Judges

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Stephen J. Rueter, JA (on brief).

For Appellee: Major Amber J. Roach, JA; Major Ellen S. Jennings, JA; Captain Bradley M. Endicott, JA (on brief).

29 August 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

An enlisted panel, sitting as a general court–martial, convicted appellant, contrary to his pleas, of failure to obey an order, assault consummated by a battery upon a child under sixteen, and indecent language to a child under sixteen, in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928, 934 (2006) [hereinafter UCMJ]. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 89.b. The panel acquitted appellant of a separate specification alleging failure to obey an order and of an allegation of abusive sexual contact with a child, in violation of Articles 92 and 120, UCMJ. Previously, the military judge had properly rejected appellant's attempts to plead guilty to the two specifications of failure to obey an order, described above, but convicted appellant, pursuant to appellant's plea, of a separate specification of dereliction of duty, in violation of Article 92, UCMJ. The panel sentenced appellant to a bad–conduct discharge, confinement for 179 days, and reduction to the grade of E–1. The

convening authority approved the adjudged sentence and credited appellant with ninety days of pretrial confinement credit against the sentence of confinement.

On 30 April 2012, we issued an opinion in this case, summarily affirming the findings of guilty and the sentence. On 25 July 2012, our superior court reversed our decision as to Charge IV and its Specification (alleging indecent language) and as to the sentence, and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

In light of *Humphries*, we are compelled to disapprove the finding of guilt as to Charge IV and its Specification in violation of Article 134, UCMJ. The specification does not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's conviction for indecent language and dismiss the defective specification which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On consideration of the entire record, the finding of guilty of Charge IV and its Specification is set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court