# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant LOUIS F. DIETZ**
**United States Army, Appellant**

ARMY 20081031

U.S. Army Transportation Center and School and Fort Eustis
Theresa A. Gallagher, Military Judge
Lieutenant Colonel Timothy J. Cody, Staff Judge Advocate

For Appellant:  Earl G. Kauffman, Esquire (argued); Captain Todd Lindquist, JA;
Earl G. Kauffman, Esquire (on brief).

For Appellee:  Captain Frank E. Kostik, Jr., JA (argued); Major LaJohnne A. White,
JA; Captain Frank E. Kostik, Jr., JA (on brief).

13 September 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A panel of officer and enlisted members, sitting as a general court-martial,
convicted appellant, contrary to his pleas, of one specification of forcible sodomy
with a child over the age of twelve but under the age of sixteen, one specification of
an indecent act upon a child under the age of sixteen, one specification of
wrongfully telling his daughter to kill him, one specification of communicating a
threat, and one specification of wrongfully forcing his sixteen-year old daughter to
drink beer, in violation of Articles 125 and 134, Uniform Code of Military Justice,
10 U.S.C. §§ 925, 934 (2006) [hereinafter UCMJ].  The convening authority
approved the adjudged sentence to a dishonorable discharge and fifteen years
confinement.

On 18 May 2011, we issued a decision in this case, summarily affirming the
findings of guilty and the sentence.  On 21 September 2011, our superior court
vacated our decision and returned the record of trial to The Judge Advocate General
of the Army for remand to this court for consideration in light of *United States v.
Fosler*, 70 M.J. 225 (C.A.A.F. 2011).  *United States v. Dietz*, 70 M.J. 355, 357
(C.A.A.F. 2011).  On 28 December 2011, this court issued a summary disposition in
which we again affirmed the findings and sentence after a review of the case in light

of *Fosler*. *United States v. Dietz*, ARMY 20081031 (Army Ct. Crim. App. 28 Dec. 2011) (summ. disp.).

On 10 July 2012, our superior court reversed the portion of our decision as to Specifications 1 and 3 of Charge II, alleging an indecent act upon a child and wrongful communication of a threat respectively, and as to the sentence, and affirmed our decision as to the remaining charges and specifications. The court returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *United States v. Dietz*, 71 M.J. ___ (C.A.A.F. 10 July 2012). Consequently, appellant's case is once again before this court for review under Article 66, UCMJ.

In light of *Humphries*, we are compelled to disapprove the findings of guilty as to Specifications 1 and 3 of Charge II. Neither of these specifications contains allegations of terminal elements under Article 134, UCMJ; there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element; and the evidence was controverted as to at least one clause of Article 134, UCMJ. *See Humphries*, 71 M.J. at 215–16 (holding that to assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted'" (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002); *Johnson v. United States*, 520 U.S. 461, 470 (1997))). Therefore, we now reverse appellant's conviction for an indecent act and wrongful communication of a threat, and dismiss these defective specifications which failed to state an offense. *See Fosler*, 70 M.J. at 233.

On consideration of the entire record, and in light of *Humphries*, the findings of guilty of Specifications 1 and 3 of Charge II are set aside and those specifications are dismissed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms only so much of the sentence as provides for a dishonorable discharge and confinement for twelve years. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).
.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2