# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 MICHAEL E. ZELLOUS**
**United States Army, Appellant**

ARMY 20110098

Headquarters, Joint Readiness Training Center and Fort Polk
Jacqueline L. Emanuel, Military Judge
Colonel Keith C. Well, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief, supplemental brief & reply brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Daniel D. Maurer, JA (on brief, supplemental brief & reply brief).

28 September 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant in accordance with his pleas of failing to go to his appointed place of duty at the times prescribed, disobeying a superior commissioned officer, disobeying a noncommissioned officer, being disrespectful in deportment toward a noncommissioned officer, and failing to obey a lawful general order, in violation of Articles 86, 90, 91, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 891, 892 (2006) [hereinafter UCMJ]. Contrary to his plea, the military judge convicted appellant of communicating a threat in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2006). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for 100 days, and reduction to the grade of E-1. The convening authority credited appellant with 33 days of confinement against the approved sentence to confinement.

ZELLOUS—ARMY 20110098

On 3 May 2012, we issued a decision in this case, affirming the findings of guilty and the sentence. *United States v. Zellous*, ARMY 20110098 (Army Ct. Crim. App. 3 May 2012). On 14 September 2012, our superior court reversed our decision as to Specification 2 of Charge VI, communicating a threat, in violation of Article 134, UCMJ, and as to the sentence; affirmed our decision in all other respects; and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *United States v. Zellous*, 71 M.J. ___ (C.A.A.F. 14 Sept. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

Specification 2 of Charge VI failed to allege the terminal elements of prejudice to good order and discipline or service-discrediting conduct. In light of *Humphries*, we are compelled to disapprove the finding of guilt as to Specification 2 of Charge VI. Specification 2 of Charge VI does not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the specific need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's conviction for communicating a threat and dismiss the defective specification which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On consideration of the entire record, the finding of guilty of Specification 2 of Charge VI is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for 75 days, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2