# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ROBERT O. BOZEMAN**
**United States Army, Appellant**

ARMY 20080711

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Mark Cremin, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene Jamison, JA; Major Laura Kesler, JA; Lieutenant Colonel Jonathan F. Potter, JA (on brief).

For Appellee:  Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Christopher B. Witwer, JA (on brief).

28 September 2012

-------------------------------------------------------
MEMORANDUM OPINION ON REMAND
-------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Judge:

A panel of officer and enlisted members, sitting as a general court–martial, convicted appellant, contrary to his pleas, of two specifications of willfully disobeying a superior commissioned officer and one specification of engaging in an indecent liberty with a child as a lesser–included offense of attempted abusive sexual contact with a child, in violation of Articles 90 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 920 (2006) [hereinafter UCMJ].  The panel also convicted appellant, contrary to his pleas, of two adultery specifications, *see Manual for Courts–Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 62, and one specification alleging an indecent act with a child, *see MCM*, 2002, pt. IV, ¶ 87, *deleted by* Exec. Order No. 13,447, 72 Fed. Reg. 56,179 (Sep. 28, 2007), both in

violation of Article 134, UCMJ.[1]  The convening authority approved the adjudged sentence to a bad–conduct discharge and confinement for three years, and credited appellant with 127 days of confinement against the approved sentence to confinement.

On 27 December 2011, we issued an opinion in this case, setting aside and dismissing the Specification of Charge I and Charge I (indecent liberties with a child in violation of Article 120, UCMJ).  *United States v. Bozeman*, ARMY 20080711, 2011 WL 6826857, at *1–2 (Army Ct. Crim. App. 27 Dec. 2011) (summ. disp.).  We then affirmed the remaining findings of guilty.  *Id.*  We also affirmed the sentence as approved by the convening authority after reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*.  *Bozeman*, 2011 WL 6826857, at *1–2.

On 10 July 2012, our superior court reversed our decision as to Charge III and its Specifications and as to the sentence, and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012).  *United States v. Bozeman*, 71 M.J. 354 (C.A.A.F. 2012).  Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

Much like the specification at issue in *Humphries*, it was plain and obvious error for the government to fail to allege the terminal elements of Article 134, UCMJ, in the Specifications of Charge III.  *See Humphries*, 71 M.J. at 214.  Nonetheless, while Charge III and its Specifications were defective and these defects affected appellant's constitutional right to notice under the Fifth and Sixth Amendments, "it does not constitute structural error subject to automatic dismissal."  *Id.* at 212.  Instead, we must resolve "whether the defective specification[s] resulted in material prejudice to [appellant's] substantial right to notice."  *Id.* at 215.  To resolve this issue, we must closely review the trial record.  *Id.*

Close review of the trial record in this case reveals that appellant was on notice of the missing terminal elements.  *Id.* at 215–16.  The government called Specialist (SPC) EH as its first witness.  The government immediately established that SPC EH married appellant on 5 July 2007 and that SPC EH deployed to Iraq at the end of July 2007.  The following exchange then took place:

> TC:  What was your job?

---

[1] The panel acquitted appellant of one adultery specification.

Wit:  I was initially assigned to General [RO's] PSD [Personal Security Detachment] [hereinafter PSD].

CDC:  Objection, Your Honor, not relevant.

MJ:  Sustained.  Is that relevant for any reason, trial counsel?

TC:  Your Honor, I am trying to prove up an element of one of the offenses charged.

MJ:  Why does it matter what she did in Iraq regarding the element?

TC:  It will have an impact on—I am trying to prove up impact on good order and discipline.

MJ:  I will let you go there, overruled.

Specialist EH subsequently described that she received information indicating appellant's unfaithfulness to her.  After receiving this information, SPC EH testified that she found it "very difficult to function as a [s]oldier[.]"  In fact, SPC EH's chain of command eventually removed her from the PSD because she had problems eating, sleeping, and concentrating on her duties.  Specialist EH further testified that her professional work performance problems stemmed from her relationship with appellant.

After SPC EH testified, the government next called a seventeen year–old girl, Ms. SJ.  Ms. SJ testified that she was sixteen years of age when she met appellant, and that she had sexual intercourse on many occasions with appellant during October and November 2007.  The following exchange then took place:

TC:  Has the accused ever taken you and dropped you off at your grandma's house for the school bus to go to school?

Wit:  Not at mine but at Alyssa's.

TC:  At Alyssa's, okay why don't you tell us about that?

CDC:  Objection, relevance, Your Honor.

MJ:  What is the relevance, trial counsel?

> TC: Again, this is a 134 offense and the issue of good
> order and discipline and service discrediting.
>
> MJ: Overruled.
>
> TC: Please tell us about that.
>
> Wit: We would just hangout and then he would—and then
> whenever it was time for him to go PT then he would drop
> us off at the house and go do his job.

After these facts came out, Ms. SJ testified that she was in tenth grade at school during the time appellant and Ms. SJ were having sexual intercourse. Ms. SJ stated that appellant would be dressed in his military uniform when he either picked her up from school or dropped her off in the morning to catch the bus for school.

During cross–examination of Ms. SJ, appellant's defense counsel asked Ms. SJ to confirm that appellant was not the only soldier she was seeing at the time. The military judge sustained the government's objection, and the military judge then called an Article 39(a), UCMJ, session because he believed the defense was raising prohibited matters under Military Rule of Evidence [hereinafter Mil. R. Evid.] 412. In response, appellant's defense counsel stated the following:

> The prosecution was the one talking about all of this
> activities to the prejudice of good order and discipline if
> contemporaneous with the so called charged offense here,
> she is engaging in similar conduct with other [s]oldiers we
> think it is a relevant factor for the court to . . . consider.

Ultimately, the military judge prohibited appellant's defense counsel from questioning Ms. SJ about any sexual activities she may have engaged in with other soldiers.

The seventh witness the government called was Ms. LH. Ms. LH was a police investigator with the Copperas Cove Police Department. Ms. LH interrogated appellant regarding Ms. SJ, and appellant provided Ms. LH a statement regarding the sexual activities he engaged in with Ms. SJ. During the cross–examination of Ms. LH, the military judge called an Article 39(a), UCMJ, session after he felt appellant's defense counsel was going to ask Ms. LH about offenses Ms. SJ allegedly committed. When the military judge asked appellant's defense counsel where he was going with his cross–examination, appellant's defense counsel responded in the following fashion:

BOZEMAN—ARMY 20080711

> Again, it is just on the basis of trying to demonstrate what's supposedly either prejudicial—conduct prejudicial to good order and discipline and cooperating with all the officials who investigated the relationship with [Ms. SJ].

Ultimately, the military judge allowed appellant's defense counsel to establish on cross–examination that the State of Texas deferred adjudication on appellant regarding the sexual relationship he had with Ms. SJ.

Under the facts of this case, we are convinced that the record of trial demonstrated appellant had sufficient notice of the terminal elements and the theory of criminality pursued by the government as it pertained to Specifications 3-4 of Charge III. *See Humphries*, 71 M.J. at 216 (finding that "[n]either the specification nor the record provides notice of which terminal element or theory of criminality the Government pursued in this case"). Therefore, appellant did not suffer prejudice from the omission of the terminal elements as to Specifications 3-4 of Charge III.

However, we are not convinced that the record of trial demonstrates appellant had sufficient notice of the terminal elements and the theory of criminality pursued by the government as it pertained to Specification 1 of Charge III. Moreover, Specification 1 of Charge III clearly represented the most aggravating offense appellant faced and of which he was convicted. Thus, appellant is entitled to the relief we order in our decretal paragraph.

## CONCLUSION

On consideration of the entire record and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), the finding of guilty of Specification 1 of Charge III is set aside and dismissed. The remaining findings of guilty are affirmed. The same or a different convening authority may order a rehearing on Specification 1 of Charge III and the sentence, which is set aside. If the convening authority determines that a rehearing on Specification 1 of Charge III is impracticable, he may dismiss Specification 1 of Charge III and order a rehearing on the sentence only for the remaining offenses. *See United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006); *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

Senior Judge YOB and Judge KRAUSS concur.

5

BOZEMAN—ARMY 20080711



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] While Judge KRAUSS agrees with the court's application of *Humphries* in this case, Judge KRAUSS maintains his position that the military judge abused his discretion by allowing statements of appellant's daughter, MB, into evidence under the residual hearsay exception contained in Mil. R. Evid. 807. *See Bozeman*, 2011 WL 6826857, at *3–4 (Krauss, J., concurring in part and dissenting in part and in the result).