# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, KERN, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class ARTHUR R. YOUNG, JR.**
**United States Army, Appellant**

ARMY 20090092

Headquarters, 10th Mountain Division (LI) & Fort Drum
Andrew Glass, Military Judge
Lieutenant Colonel Steven P. Hester, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Major Jonathan F. Potter, JA; Major Laura R. Kesler, JA; Captain Pamela Perillo, JA (on brief).

For Appellee:  Major Christopher B. Burgess, JA; Major Ryan R. McKinstry, JA; Captain Stephen Latino, JA (on brief).

15 November 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of rape of a child under the age of sixteen years, sodomy and indecent act on a child under the age of sixteen years in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934 [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge and confinement for ten years.  The convening authority approved only so much of the adjudged sentence as provided for a dishonorable discharge and confinement for nine years.

This case was previously submitted to this court for review pursuant to Article 66, UCMJ.  On 28 February 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence.  *United States v. Young*, ARMY 20090092 (Army Ct. Crim. App. 28 Feb. 2011).  On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).  On 17 February 2012, we issued a decision in this case, affirming the findings of guilty and the sentence. *United States*

YOUNG – ARMY 20090092

*v. Young*, ARMY 20090092 (Army Ct. Crim. App. 17 Feb. 2012). On 10 July 2012, our superior court reversed our decision as to Charge V and its Specification, indecent act on a child under the age of sixteen years, in violation of Article 134, UCMJ, and as to the sentence; affirmed our decision as to the other specifications and charges; and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *United States v. Young*, 71 M.J. 349 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

## DISCUSSION

The elements of a crime under clause 1 or 2 of Article 134, UCMJ are that (1) the accused engaged in certain conduct, and (2) that the conduct was prejudicial to good order and discipline or service discrediting. *See Manual for Courts-Martial*, *United States*, (2008 ed.), pt. IV, ¶ 66.b(1)(e).

"The Government must allege every element expressly or by necessary implication, including the terminal element." *United States v. Fosler*, 70 M.J. 225, 232 (C.A.A.F. 2011). Pursuant to *Humphries*, even if this specification does not allege the terminal elements by necessary implication, the question remains whether the defect resulted in material prejudice to appellant's substantial right to notice. This question is answered by a close review of the record to determine if "notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Humphries*, 71 M.J. at 215-216 (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002)).

In view of *Humphries*, we are compelled to disapprove the finding of guilt as to the Article 134, UCMJ, offense previously affirmed. The specification does not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's conviction for indecent act on a child under the age of sixteen years and dismiss the defective specification which failed to state an offense in light of *Fosler*.

## CONCLUSION

On consideration of the entire record, the findings of guilty of Charge V and its Specification are set aside and dismissed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

YOUNG – ARMY 20090092



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court