# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JOHN RON**
**United States Army, Appellant**

ARMY 20100599

Headquarters, U.S. Army Signal Center of Excellence and Fort Gordon
Tara Osborn, Military Judge (arraignment)
Gary Brockington, Military Judge (trial)
Colonel Michael W. Hoadley, Staff Judge Advocate

For Appellant: Captain Meghan M. Poirier, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Meghan M. Poirier, JA (on brief); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Meghan M. Poirier, JA (on supplemental brief).

For Appellee: Captain John D. Riesenberg, JA (argued); Major Ellen S. Jennings, JA; Captain Chad M. Fisher, JA; Captain Ryan D. Pyles, JA (on brief); Major Amber J. Roach, JA; Captain Chad M. Fisher, JA; Captain John D. Riesenberg, JA (on supplemental brief).

7 February 2013

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curium:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of abusive sexual contact, forcible sodomy, and assault with intent to commit sodomy, in violation of Articles 120(h), 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920(h), 925, 934 (2006 & Supp. III 2009) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

RON—ARMY 20100599

On 1 June 2012, this court issued a memorandum opinion affirming the findings and sentence. *United States v. Ron*, ARMY 20100599, 2012 WL 2178630 (Army Ct. Crim. App. 1 June 2012) (mem. op.). On 11 September 2012, our superior court reversed the portion of our decision as to Charge II and its specification and the sentence, and affirmed our decision as to the remaining charges and specifications. *United States v. Ron*, 71 M.J. 396 (C.A.A.F. 11 Sep. 2012) (summ. disp.). The court returned the record of trial to The Judge Advocate General of the Army for remand to this court for reconsideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *Id.* Consequently, appellant's case is once again before this court for review under Article 66, UCMJ.

In accordance with *Humphries*, we are compelled to set aside the finding of guilty to the Specification of Charge II and Charge II. This specification does not allege the terminal elements under Article 134, UCMJ, there is nothing in the record to satisfactorily establish notice of the need to defend against the terminal elements, and there is no indication the evidence was uncontroverted as to the terminal elements. *See Humphries*, 71 M.J. at 215–16 (holding that to assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted'" (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002); *Johnson v. United States*, 520 U.S. 461, 470 (1997))). Therefore, we now set aside appellant's conviction for assault with intent to commit sodomy, and dismiss the defective specification which failed to state an offense pursuant to the holding in *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On consideration of the entire record, and pursuant to *Humphries*, the findings of guilty to the Specification of Charge II, and Charge II, are set aside and that charge and specification are dismissed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2