# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, BURTON, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL A. GARNER**
**United States Army, Appellant**

ARMY 20080401

United States Army Transportation Center and School and Fort Eustis
Theresa Gallagher, Military Judge
Lieutenant Colonel Francis P. King, Staff Judge Advocate (pretrial)
Lieutenant Colonel Timothy J. Cody, Staff Judge Advocate (post trial)

For Appellant:  Cate O'Callahan, Esquire (argued); Captain John L. Schriver, JA; Captain Tiffany K. Dewell, JA; Captain Michael E. Korte, JA; Cate O'Callahan, Esquire; Anita Gorecki, Esquire (on brief).

For Appellee:  Captain Kenneth W. Borgnino, JA (argued); Colonel Micahel E. Mulligan, JA; Major Amber J. Williams; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

22 February 2013

---------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------------

Per Curiam:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of desertion, disobeying a lawful order, rape, sodomy, possession of child pornography, and indecent assault, in violation of Articles 85, 90, 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 890, 920, 925, 934 (2006) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge, confinement for life with the possibility of parole, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged and credited appellant with 338 days of confinement against the sentence to confinement.  The convening authority waived the automatic forfeiture of all pay and allowances for a period of six months, effective 17 July 2009.

On 29 November 2011, we issued a decision in this case, affirming the findings of guilty and the sentence. On 8 January 2013, our superior court reversed our decision as to Specification 1 of Charge III, indecent assault, in violation of Article 134, UCMJ, and as to the sentence; affirmed our decision as to the other specifications and charges; and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

In light of *Humphries*, we are compelled to disapprove the finding of guilty as to the Article 134, UCMJ, offense of indecent assault previously affirmed. The specification does not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's conviction for indecent assault and dismiss the defective specification which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

The finding of guilty to Specification 1 of Charge III is set aside and dismissed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court