# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, M.C. HOLIFIELD, D.A. NORKIN**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**MATTHEW J. RADZEWSKY**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201500089**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 25 November 2014.
**Military Judge:** Maj N.A. Martz, USMC.
**Convening Authority:** Commanding Officer, 2d Light Armored Reconnaissance Battalion, 2d Marine Division, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** LtCol K.S. Woodard, USMC.
**For Appellant:** CDR Brendan Curran, JAGC, USN.
**For Appellee:** Mr. Brian K. Keller, Esq.

**6 August 2015**

---
## OPINION OF THE COURT
---

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of two specifications of possession, one specification of use, and one specification of introduction of a controlled substance; one specification of making a check without sufficient funds; and two specifications of dishonorably failing to pay debts, in violation of Articles 112a, 123a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 923a, and 934. The

military judge sentenced the appellant to confinement for 45 days, reduction to pay grade E-3, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged, but deferred and waived automatic forfeitures in accordance with the pretrial agreement.

The appellant's case was submitted to this court without assignment of error. Upon review, we find that corrective action is necessary. Following our corrective action, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts 59(a) and 66(c), UCMJ.

Pursuant to his pretrial agreement, the appellant pled guilty to two specifications of wrongfully possessing a controlled substance, each on "diverse [sic] occasions."[1] In advising the appellant of the elements of these offenses, the military judge omitted any reference to divers occasions. Furthermore, while the providence inquiry and stipulation of fact allow us to conclude that the appellant wrongfully possessed each substance during the period alleged, neither provides a factual basis to find that he did so on divers occasions. Accordingly, the findings of guilty to Specifications 3 and 4 under Charge III are affirmed, except for the words "on diverse occasions." The findings of guilty to the excepted words are set aside. The remaining findings of guilty are affirmed. *United States v. Care,* 40 C.M.R. 247 (C.M.A. 1969); RULE FOR COURTS-MARTIAL 910, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

As a result of our action on the findings, we have reassessed the sentence in accordance with the principles contained in *United States v. Moffeit,* 63 M.J. 40 (C.A.A.F. 2006). We are satisfied that, absent the excepted language, the sentence would not have been any less than that adjudged by the military judge and approved by the CA.

The sentence as approved by the CA is affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

[1] Specifications 3 and 4 under Charge III