# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 RANDY A. KRYSTYAN**
**United States Army, Appellant**

ARMY 20110014

Headquarters, Fort Riley
Susan Arnold, Military Judge
Lieutenant Colonel Robert Borcherding, Staff Judge Advocate (pretrial)
Colonel Michael L. Smidt, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jennifer A. Parker, JA; Captain A. Jason Nef, JA (on brief).

For Appellee:  Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Bradley M. Endicott, JA (on brief).

5 October 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his plea, of one specification of absence without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ].  Contrary to his pleas, the military judge also convicted appellant of assault upon a noncommissioned officer and unlawful entry in violation of Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934 (2006).  The military judge sentenced appellant to a bad-conduct discharge and confinement for eleven months.  In accordance with a pretrial agreement, the convening authority reduced the sentence of confinement to nine months and approved the remainder of the sentence.  The convening authority also credited appellant with ninety-five days of confinement credit against the sentence to confinement.

KRYSTYAN—ARMY 20110014

On 24 April 2012, we issued a decision in this case, affirming the findings of guilty and the sentence. *United States v. Krystyan*, ARMY 20110014, 2012 WL 1415404 (Army Ct. Crim. App. 24 Apr. 2012) (mem. op.). On 11 September 2012, our superior court reversed our decision as to Charge III and its Specification, unlawful entry, in violation of Article 134, UCMJ, and as to the sentence; affirmed our decision in all other respects; and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *United States v. Krystyan*, 71 M.J. ___ (C.A.A.F. 11 Sept. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

In light of *Humphries*, we are compelled to disapprove the finding of guilt as to Charge III and its Specification. Charge III and its Specification does not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the specific need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's conviction for unlawful entry and dismiss the defective specification which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On consideration of the entire record, the finding of guilty of Charge III and its Specification is set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2