# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ALIX SYLVAIN**
**United States Army, Appellant**

ARMY 20111042

Headquarters, Fort Drum
Elizabeth Kubala, Military Judge
Lieutenant Colonel Olga M. Anderson, Staff Judge Advocate

For Appellant: Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA (on brief).

12 October 2012

---------------------------------------
SUMMARY DISPOSITION
---------------------------------------

YOB, Senior Judge:

A military judge, sitting as a special court-martial empowered to adjudge a bad-conduct discharge, convicted appellant, pursuant to his pleas, of one specification of failing to go to his appointed place of duty, one specification of willfully disobeying a superior commissioned officer, two specifications of violating a lawful general regulation, and one specification of wrongfully using marijuana, in violation of Articles 86, 90, 92, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 892, 912a [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for forty-five days. The convening authority credited appellant with five days of confinement credit for pretrial confinement.

This case is before the court for review under Article 66, UCMJ. Appellant submitted the case on its merits. This court has considered matters appellant raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determined they are without merit. However, pursuant to the ultimate offense doctrine and in light of the fact that breaking restriction can no longer be considered a lesser-

included offense of willfully disobeying a superior commissioned officer, we find a substantial basis in law and fact to reject appellant's plea to Charge II and its Specification.

Neither the stipulation of fact nor the providence inquiry develop or establish sufficient facts to support a plea of guilty to a violation of Article 90, UCMJ, but merely establish the offense of breaking restriction in violation of Article 134, UCMJ. Absent admission or stipulation that the superior officer invested the restriction, subject to charge here, "with the full authority of his office" to "lift [the duty to remain within certain limits] above the common ruck," *United States v. Loos*, 4 U.S.C.M.A. 478, 480–81, 16 C.M.R. 52, 54–55 (1954), the "ultimate offense" in this case was breaking restriction. *See United States v. Traxler*, 39 M.J. 476 (C.M.A. 1994); *United States v. Peaches*, 25 M.J. 364 (C.M.A. 1987); *United States v. Bratcher*, 18 U.S.C.M.A. 125, 39 C.M.R. 125 (1969). In addition, the offense of breaking restriction can no longer be considered a lesser-included offense of disobeying a superior commissioned officer so that this court is not free to substitute the former for the latter. *See generally United States v. Jones*, 68 M.J. 465, 472 (C.A.A.F. 2010).

On consideration of the entire record, we disapprove the finding of guilty of Charge II and its Specification and dismiss that charge and specification. The remaining findings of guilty are correct in law and fact and are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

Judge KRAUSS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court