# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 THOMAS G. GENTRY**
**United States Army, Appellant**

ARMY 20080985

Seventh U.S. Army Joint Multinational Training Command
Jeffrey R. Nance and Gregg A. Marchessault, Military Judges
Lieutenant Colonel William R. Martin, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Lieutenant Colonel Jonathan F. Potter, JA (on brief); *Pro Se* (Petition for New Trial).

For Appellee: Major Christopher B. Burgess, JA; Major LaJohnne A. White, JA; Captain Franklin E. Kostik, Jr., JA (on brief).

31 October 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of two specifications of rape, and one specification of communicating a threat, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2006 & Supp. I 2007) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for seven years, and forfeiture of all pay and allowances. The convening authority approved the adjudged sentence and credited the appellant with 135 days of confinement credit against the sentence to confinement.

On 30 December 2010, this court issued a decision summarily affirming the findings and sentence, *United States v. Gentry*, ARMY 20080985 (Army Ct. Crim. App. 30 Dec. 2010), and on 20 January 2011 we denied the Petition for New Trial. On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court

for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). *United States v. Gentry*, 70 M.J. 355 (C.A.A.F. 2011) (summ. disp.). On 23 December 2011, after a review of the case pursuant to the holding of *Fosler*, this court issued a decision again affirming the findings and the sentence. *United States v. Gentry*, ARMY 20080985 (Army Ct. Crim. App. 23 Dec. 2011).

On 10 July 2012, our superior court reversed the portion of our decision as to the Specification of Charge II, and as to the sentence, and affirmed our decision as to the remaining charge and specifications. *United States v. Gentry*, 71 M.J. 348 (C.A.A.F. 2011) (summ. disp.). The court returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is once again before this court for review under Article 66, UCMJ.

In accordance with *Humphries*, we are compelled to disapprove the finding of guilty to the Specification of Charge II. This specification does not allege the terminal elements under Article 134, UCMJ, there is nothing in the record to satisfactorily establish notice of the need to defend against the terminal elements, and there is no indication the evidence was uncontroverted as to the terminal elements. *See Humphries*, 71 M.J. at 215–16 (holding that to assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted'" (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002); *Johnson v. United States*, 520 U.S. 461, 470 (1997))). Therefore, we now reverse appellant's conviction for communicating a threat, and dismiss the defective specification which failed to state an offense pursuant to the holding in *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On consideration of the entire record, and pursuant to *Humphries*, the findings of guilty to the Specification of Charge II, and Charge II, are set aside and that charge and specification are dismissed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court