# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, KERN, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JAMES T. MURPHY**
**United States Army, Appellant**

ARMY 19872873

3d Armored Division (trial)
Combined Arms Center and Fort Leavenworth (*DuBay* Hearing)
C.C. Jacobsen, Military Judge (trial)
Mark P. Sposato, Military Judge (*DuBay* Hearing I & II)
Stephen R. Henley, Military Judge (*DuBay* Hearing III)
Lieutenant Colonel Malcolm H. Squires, Jr., Staff Judge Advocate (trial)
Colonel Lawrence E. Rouse, Staff Judge Advocate (*DuBay* Hearing I)
Colonel Michael W. Hoadley, Staff Judge Advocate (*DuBay* Hearing II)
Colonel Samuel J. Rob, Staff Judge Advocate (*DuBay* Hearing III)

For Appellant:  Colonel Mark Tellitocci, JA; Captain Tiffany K. Dewell, JA (on brief).

For Appellee:  Major Adam S. Kazin, JA (on brief).

14 November 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A general court-martial consisting of officers tried appellant in November and December of 1987.  Contrary to his pleas, the court-martial found appellant guilty of premeditated murder (three specifications), larceny, bigamy, and false swearing, in violation of Articles 118, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 918, 921, 934.  The court-martial sentenced appellant to be put to death, to forfeit all pay and allowances, and to be reduced to the grade of E-1.  The convening authority approved the findings and sentence.  The case subsequently passed through numerous stages of post-conviction proceedings.  In 1998, our superior court returned the record in this case to The Judge Advocate General of the Army for

remand to this court. *See United States v. Murphy,* 50 M.J. 4 (C.A.A.F. 1998). Thereafter, consistent with a detailed pre-sentencing agreement between appellant and the convening authority, a military judge presiding as a general court-martial conducted a sentencing hearing and sentenced appellant to be reduced to the grade of E-1, to forfeit all pay and allowances, to be confined for the length of his natural life, and to be dishonorably discharged. On 28 July 2011, we issued a decision in this case, affirming the sentence. *United States v. Murphy,* ARMY 19872873 (Army Ct. Crim. App. 28 July 2011).

On 10 July 2012, our superior court reversed our decision as to Charge II and its Specification, bigamy, in violation of Article 134, UCMJ, Additional Charge II and its Specification, false swearing, in violation of Article 134, UCMJ, and as to the sentence; affirmed our decision as to the remaining specifications and charges; and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *United States v. Murphy*, 71 M.J. 347 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

## DISCUSSION

At the time of the charged offenses, the elements of a crime under clause 1 or 2 of Article 134, UCMJ were (1) that the accused did or failed to do certain acts; and (2) that, under the circumstances the accused's conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. *See Manual for Courts-Martial, United States* (1984 ed.), pt. IV, ¶ 60.b.

"The Government must allege every element expressly or by necessary implication, including the terminal element." *United States v. Fosler*, 70 M.J. 225, 232 (C.A.A.F. 2011). Pursuant to *Humphries*, even if this specification does not allege the terminal elements by necessary implication, the question remains whether the defect resulted in material prejudice to appellant's substantial right to notice. This question is answered by a close review of the record to determine if "notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Humphries*, 71 M.J. at 215-16 (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002)).

In view of *Humphries*, we are compelled to disapprove the finding of guilt as to the Article 134, UCMJ, offenses previously affirmed. The specifications do not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse

appellant's conviction for bigamy and false swearing and dismiss the defective specifications which failed to state offenses in light of *Fosler*.

## CONCLUSION

On consideration of the entire record, the findings of guilty of Charge II and its Specification and Additional Charge II and its Specification are set aside and dismissed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court