# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant RANDY A. GIDDENS**
**United States Army, Appellant**

ARMY 20090598

82nd Airborne Division
Gary J. Brockington, Military Judge
Lieutenant Colonel Jeffrey C. Hagler, Staff Judge Advocate (pretrial)
Major Jessica A. Golembiewski, Acting Staff Judge Advocate (post-trial)

For Appellant: Captain Brandon Iriye, JA (argued); Colonel Mark Tellitocci, JA; Major Laura R. Kesler, JA; Captain Jennifer A. Parker, JA (on brief).

For Appellee: Captain Daniel H. Karna, JA (argued); Major Ellen S. Jennings, JA; Major LaJohnne A. White, JA; Major Thomas E. Brzozowski, JA (on brief).

13 December 2012

-----------------------------------------------------
SUMMARY DISPOSITION ON REMAND
-----------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of failure to obey a lawful order and assault consummated by a battery in violation of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 928 (2006) [hereinafter UCMJ]. An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of attempted sodomy of a child, an indecent act, indecent exposure, aggravated sexual contact with a child, and unlawful entry, in violation of Articles 80, 120 and 134, UCMJ. The panel sentenced appellant to reduction to the grade of E-1, to forfeit all pay and allowances, to be confined for thirteen years, and to be dishonorably discharged. The convening authority approved the sentence as adjudged.

This case was previously submitted to this court for review pursuant to Article 66, UCMJ. On 20 January 2012, we issued a decision in this case, summarily affirming the findings of guilty and the sentence. *United States v. Giddens*, ARMY

20090598 (Army Ct. Crim. App. 20 Jan. 2012). On 10 July 2012, our superior court reversed our decision as to Charge VI and its Specification, unlawful entry, in violation of Article 134, UCMJ, and as to the sentence; affirmed our decision as to the other specifications and charges; and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *United States v. Giddens*, 71 M.J. 357 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

## DISCUSSION

The elements of a crime under clause 1 or 2 of Article 134, UCMJ are that (1) the accused engaged in certain conduct, and (2) that the conduct was prejudicial to good order and discipline or service discrediting. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 66.b(1)(e).

"The Government must allege every element expressly or by necessary implication, including the terminal element." *United States v. Fosler*, 70 M.J. 225, 232 (C.A.A.F. 2011). Pursuant to *Humphries*, even if this specification does not allege the terminal elements by necessary implication, the question remains whether the defect resulted in material prejudice to appellant's substantial right to notice. This question is answered by a close review of the record to determine if "notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Humphries*, 71 M.J. at 215-16 (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002)).

In view of *Humphries*, we are compelled to disapprove the finding of guilt as to the Article 134, UCMJ, offense of unlawful entry previously affirmed. The specification does not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's conviction for unlawful entry and dismiss the defective specification which failed to state an offense in light of *Fosler*.

## CONCLUSION

On consideration of the entire record in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find appellant's *Grostefon* submission to be without merit. The findings of guilty of Charge VI and its Specification are set aside and dismissed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by

GIDDENS – ARMY 20090598

Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court