# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ROBERT L. CONRADY**
**United States Army, Appellant**

ARMY 20080534

Headquarters, Joint Readiness Training Center and Fort Polk
Victor L. Horton, Military Judge
Colonel James D. Key, Staff Judge Advocate

For Appellant:  William E. Cassara, Esquire (argued); Captain Sarah E. Wolf, JA; William E. Cassara, Esquire (on brief); Captain Michael E. Korte, JA; William E. Cassara, Esquire (on reply brief).

For Appellee:  Captain Stephen E. Latino, JA (argued); Colonel Michael E. Mulligan, JA; Lieutenant Colonel Martha L. Foss, JA; Major Christopher B. Burgess, JA; Major Lynn I. Williams, JA (on brief).

21 December 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of rape of a child under the age of twelve, one specification of sodomy with a child under the age of twelve, one specification of assault consummated by a battery upon a child under the age of sixteen, and three specifications of indecent acts with a child, in violation of Articles 120, 125, 128, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 928, and 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to thirty-five years of confinement and a dishonorable discharge.  The convening authority approved a sentence to confinement of thirty-four years and nine months and a dishonorable discharge.  The convening authority also credited appellant with 304 days of credit toward the sentence to confinement.

On 30 March 2011, this court issued an opinion of the court pertaining to this case in which we found the military judge committed error in admitting an image of child pornography under Military Rule of Evidence [hereinafter Mil. R. Evid. ] 414(d)(2). However, because we found the error was harmless, no relief was warranted. Accordingly, we affirmed the findings of guilty and the sentence *United States v. Conrady*, ARMY 20080534 (Army Ct. Crim. App. 30 Mar. 2011). On 7 October 2011, our superior court set aside and dismissed the guilty findings to the words "on divers occasions" contained in both Specification 3 of Charge II (forcible sodomy with a child under the age of twelve) and Specification 7 of Charge III (indecent acts with a child under the age of sixteen). Our superior court then vacated our original decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On 28 February 2012, we issued an opinion in this case, affirming the findings of guilty and the sentence. *United States v. Conrady*, ARMY 20080534 (Army Ct. Crim. App. 28 Feb. 2012). On 10 July 2012, our superior court reversed our decision as to Specifications 2, 6, and 7 of Charge III (indecent acts with a child under the age of sixteen) in violation of Article 134, UCMJ, and as to the sentence; affirmed our decision as to the other specifications and charges; and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *United States v. Conrady*, 71 M.J. 350 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

## DISCUSSION

The elements of a crime under clause 1 or 2 of Article 134, UCMJ are that (1) the accused engaged in certain conduct, and (2) that the conduct was prejudicial to good order and discipline or service discrediting. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 66.b(1)(e).

"The Government must allege every element expressly or by necessary implication, including the terminal element." *Fosler*, 70 M.J. at 232 (C.A.A.F. 2011). Pursuant to *Humphries*, even if a specification does not allege the terminal element by necessary implication, the question remains whether the defect resulted in material prejudice to appellant's substantial right to notice. This question is answered by a close review of the record to determine if "notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Humphries*, 71 M.J. at 215-216 (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002)).

2

In view of *Humphries*, we are compelled to disapprove the finding of guilt as to the Article 134, UCMJ, offenses of indecent acts with a child under the age of sixteen previously affirmed. The specification does not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's convictions for indecent acts and dismiss the defective specifications which failed to state an offense in light of *Fosler*.

## CONCLUSION

On consideration of the entire record in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), the findings of guilty of Specifications 2, 6, and 7 of Charge III are set aside and dismissed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court