# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JACOB D. MOON**
**United States Army, Appellant**

ARMY 20120112

Headquarters, Joint Readiness Training Center and Fort Polk
James L. Varley, Military Judge
Colonel Keith C. Well, Staff Judge Advocate

For Appellant:  Captain John L. Schriver, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach (on brief).

29 March 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of wrongful possession of child pornography and one specification of wrongful possession of images of nude minors and persons appearing to be nude minors, each in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

In this case, the military judge made special findings as to the specific images involved in this case.  Those special findings are set forth in Appellate Exhibit XII and are attached to this summary disposition at the Appendix.

After conducting our Article 66, UCMJ, review, we are not convinced beyond a reasonable doubt that all of the depictions underlying one of appellant's convictions of possession of child pornography are, in fact, child pornography as

defined by 18 U.S.C. § 2256(8). Specifically, we find eleven of the forty-six depictions of which appellant was convicted of in the Specification of The Charge are not child pornography as applicably defined.[*] However, we find that the remaining depictions identified in the military judge's special findings, which form the basis of appellant's convictions, are both legally and factually sufficient.

## CONCLUSION

On consideration of the entire record and the allegations raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty are correct in law and fact and are affirmed. Reassessing the sentence on the basis of the factual insufficiencies noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the sentence is AFFIRMED.

FOR THE COURT:

KENNETH J. TOZZI
COL, JA
Acting Clerk of Court

---

[*] Contrary to the military judge's special findings of the Specification of The Charge, we are not convinced beyond a reasonable doubt the following depictions are child pornography:

(1) Under Exhibit 7/8: Evidence #196, Evidence #200, Evidence #213, Evidence #217, Evidence #221, Evidence #238;

(2) Under Exhibit 12: Evidence #28, Evidence #32, Evidence #49, Evidence #53, Evidence #72.