# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 PHILLIP P. GOBERT**
**United States Army, Appellant**

ARMY 20110941

Headquarters United States Army Training Center and Fort Jackson
Bret Batdorff, Military Judge
Colonel Mark W. Seitsinger, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Captain James S. Trieschmann, JA.

For Appellee:  Pursuant to A.C.C.A. Rule 15.2, no response filed.

15 May 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

BURTON, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of willfully disobeying a noncommissioned officer and four specifications of violating a lawful general order in violation of Articles 91 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 892 (2006) [hereinafter UCMJ].  Contrary to his pleas, appellant was convicted of one specification of wrongful sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2006).  The court-martial sentenced appellant to a bad-conduct discharge, confinement for 150 days, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ.  Appellant submitted the case on its merits.

Pursuant to the ultimate offense doctrine and in light of the fact that breaking restriction can no longer be considered a lesser included offense of willfully disobeying a noncommissioned officer, despite the pleadings suggesting otherwise, we find a substantial basis in law and fact to reject appellant's plea to Charge II and its Specification.

The providence inquiry does not develop or establish sufficient facts to support a plea of guilty to a violation of Article 91, UCMJ, but rather merely establishes the offense of breaking restriction in violation of Article 134, UCMJ. Absent admission or stipulation that the noncommissioned officer with "the full authority of his office" intended to "lift [the duty to remain within certain limits] above the common ruck," *United States v. Loos,* 4 U.S.C.M.A. 478, 480–81, 16 C.M.R. 52, 54–55 (1954), the "ultimate offense" in this case was breaking restriction. *See United States v. Traxler*, 39 M.J. 476, 478 (C.M.A. 1994); *United States v. Peaches*, 25 M.J. 364, 366 (C.M.A. 1987); *United States v. Bratcher*, 18 U.S.C.M.A. 125, 39 C.M.R. 125, 128 (1969). In addition, the offense of breaking restriction can no longer be considered a lesser included offense of disobeying a noncommissioned officer so this court is not free to substitute the former for the latter. *See generally United States v. Jones*, 68 M.J. 465, 472 (C.A.A.F. 2010).

Therefore, we find a substantial basis in law and fact to reject appellant's plea of guilty to Charge II and its Specification and disapprove the finding of guilty. *See United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

## CONCLUSION

On consideration of the entire record, the finding of guilty of Charge II and its Specification is set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58(c) and 75(a).

Senior Judge YOB and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2