# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**M.D. MODZELEWSKI, R.Q. WARD, J.R. MCFARLANE**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**FOSTER S. LAING**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201300395**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 24 June 2013.
**Military Judge:** LtCol Elizabeth Harvey, USMC.
**Convening Authority:** Commander, 1st Marine Logistics Group, MarForPac, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** LtCol E.J. Peterson, USMC.
**For Appellant:** Maj John Stephens, USMC.
**For Appellee:** Mr. Brian Keller, Esq.

**16 January 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of attempted larceny, three specifications of wrongful sale of military property, five specifications of larceny, and one specification of receipt of stolen property, in violation of Articles 80, 108, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 908, 921, and 934. The military judge sentenced the appellant to confinement for six

years, reduction to pay grade E-1, a fine of $4,750.00, and a dishonorable discharge.  The convening authority approved the sentence as adjudged, but suspended all confinement in excess of twenty-two months pursuant to a pretrial agreement.

This record was submitted to this court without assignment of error.  Upon review, we find that corrective action is necessary, which we will take in our decretal paragraph. Following our corrective action, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains.  Arts. 59(a) and 66(c), UCMJ.

## Larceny of Multiple Items

We find that the facts underlying Specifications 4 and 5 of Charge III support only a single specification of larceny. Specification 4 alleged a theft of climbing equipment, and Specification 5 alleged a theft of a computer and four global positioning system devices.  The stipulation of fact and the providence inquiry reveal that the appellant stole all of those items from the same facility and on the same occasion.

It is well-established that, where a single act results in the theft of several items of property, only one larceny is to be charged.  *United States v. Harris*, 53 M.J. 514, 522 (N.M.Ct.Crim.App. 2000), *aff'd*, 54 M.J. 433 (C.A.A.F. 2001). *See also*, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV, ¶ 46c(1)(i)(ii) ("[w]hen a larceny of several articles is committed at substantially the same time and place, it is a single larceny . . . .").  Accordingly, we will merge Specifications 4 and 5 of Charge III.

## Sentence Reassessment

Having consolidated these two specifications under Charge III, we conclude that this is a case in which it is appropriate for us to reassess the sentence rather than remand for a new sentencing hearing.  *United States v. Winckelmann*, 73 M.J. 11, 2013 CAAF LEXIS 1435 at *3 (C.A.A.F. 2013).  First, the penalty landscape is not dramatically changed: following consolidation of the two specifications, the maximum confinement drops from 78 years to 73.  Second, the remaining offenses capture the gravamen of the criminal conduct, and all aggravating evidence remains admissible and properly considered. Further, the appellant elected sentencing by a military judge and these offenses are of a type well-within our experience as judges on

2

this court, bolstering our confidence that we may reliably determine what sentence would have been imposed at trial. *Id.* at \*13. Applying the analysis set forth in *Winckelmann*, *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), and carefully considering the entire record, we are satisfied beyond a reasonable doubt that the military judge would have adjudged a sentence no less than that approved by the convening authority in this case. Accordingly, no further action is deemed necessary.

## Conclusion

Specification 4 of Charge III is amended by inserting the following after the word "steal": "a computer, four Garmin Global Positioning System devices, and." Specification 5 of Charge III is dismissed. The findings of guilty as to Specification 4 of Charge III as amended, the remaining guilty findings, and the sentence are affirmed.

For the Court


R.H. TROIDL
Clerk of Court

3